IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| STACY CARROLL AND GEORGE CARROLL, JR., | |
| Plaintiff, | |
| vs. | CASE NO. |
| WAL-MART STORES EAST, L.P. AND JOHN DOES 1-10 | 1:14cv371LG-RHW |
| Defendant. | |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart") gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Harrison County, Mississippi, entitled *"Stacy Carroll and George Carroll, Jr., Plaintiffs v. Wal-Mart Stores East, L.P. and John Does 1 - 10"* Civil Action No. A2402-14-106. The complaint attached hereto as "Exhibit A" was filed in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Harrison County, Mississippi, service of the initial pleading setting forth Plaintiffs' claims for relief was affected upon Wal-Mart on July 10, 2014, which was Wal-Mart's first actual notice of this action.

1

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within thirty days of other paper from which it was first ascertained that the case was one which was or had become removable by Defendant in accordance with 28 U.S.C. § 1446(b)(3). The Circuit Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiffs are now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, citizens of the State of Mississippi. In their Complaint, Plaintiffs state that they are residents of Mississippi. (Complaint, ¶ 2.) Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-

Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

6. The presence of fictitious party defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (c).

7. Plaintiffs' Complaint seeks unspecified actual/compensatory damages for physical and mental injuries to Plaintiff, Stacy Carroll, including past and current medical expenses; future medical expenses; physical and mental pain and suffering; loss of enjoyment of life; lost wages; and "other damages". (Complaint, ¶ 23 and unnumbered paragraphs following ¶ 29.). In addition, Plaintiff George Carroll, Jr. asserts a claim for loss of consortium in an unspecified amount (Complaint, ¶ 27 and unnumbered paragraphs following ¶ 29.).

8. In their Complaint, Plaintiffs did not request a specific amount of damages. Therefore, on August 7, 2014, Wal-Mart propounded requests for admissions to Plaintiffs as to the amount in controversy. On September 5, 2014, the Plaintiffs filed their answers to Wal-Mart's requests for admissions denying that the damages did not exceed $75,000.00, denying that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, and otherwise answering in a manner establishing that the jurisdictional amount in controversy had been met (Exhibits "B" and "C").

9. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

10. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

11. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this September 24, 2014

_____
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND MS 102752
ccm@delmar-law.com
ASHLEY POWELL GRIFFIN MS 104044
apg@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day September 24, 2014 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and property addressed.

R. Hayes Johnson, Jr.
Johnson Law Practice, PLLC
P.O. Box 717
Long Beach, MS 39560

_____
OF COUNSEL