IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

STACY CARROLL; and GEORGE CARROLL, JR.           PLAINTIFFS

VERSUS           CAUSE NO.: A2402-14-106

WAL-MART STORES EAST, L.P.; and JOHN DOES 1-10           DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

To:    Wal-Mart Stores East, L.P.
       c/o CT Corporation System
       645 Lakeland East Dr., Ste. 101
       Flowood, MS 39232

       You have been made a Defendant in the Complaint filed in this Court by Stacy and George Carroll, seeking damages related to an incident that occurred on or about Nov. 11, 2011, in D'Iberville, Mississippi.

       You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiff.

       YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU. IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

EXHIBIT "A"

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 30th day of June, 2014.

Circuit Clerk of Harrison County, Mississippi          BY: _____ D.C.

**Issued by and return to:**
R. Hayes Johnson, Jr. (MSB #10697)
JOHNSON LAW PRACTICE, PLLC
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

Page 2 of 2



FILED
JUN 30 2014
GAYLE PARKER, CIRCUIT CLERK

COPY

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

STACY CARROLL; and GEORGE CARROLL, JR.         **PLAINTIFFS**

VERSUS                                          CAUSE NO.: A2402-14-106

WAL-MART STORES EAST, L.P.; and JOHN DOES 1-10         **DEFENDANTS**

### COMPLAINT
### (Jury trial requested)

COME NOW the Plaintiffs, Stacy Carroll and George Carroll, Jr., through counsel, filing this Complaint, averring in support as follows:

1. This Honorable Court has jurisdiction over the parties and subject matter of this cause of action, and is the proper venue for adjudication of the same.

2. Plaintiffs Stacy Carroll and George Carroll, Jr., are adult resident citizens of Harrison County, Mississippi, who may be served with process at the offices of their attorneys, as listed below.

3. Defendant Wal-Mart Stores East, L.P., is a Delaware corporation, with principal offices in Bentonville, Arkansas, and which is registered to do business in the State of Mississippi. Wal-Mart's agent for service of process in Mississippi is CT Corporation System, 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232. Wal-Mart may also be served as otherwise provided by law.

4. Defendants John Does 1-10 are individuals or entities whose identities and whereabouts are currently unknown, who either assisted the named defendants in wrongdoing, or committed separate wrongful acts toward the Plaintiffs. When their identities and whereabouts are determined, these pleadings will be amended.

5. A jury trial is requested.

## FACTS

6. Plaintiff Stacy Carroll was a customer on the premises of Wal-Mart Supercenter #2715 in D'Iberville, Mississippi, on or about November 11, 2011.

7. On that date, customers and some employees were advised to evacuate Wal-Mart because of a potential fire hazard.

8. Plaintiff left her shopping cart in Wal-Mart, and left the store as instructed.

9. After the fire hazard was investigated, Wal-Mart managers signaled for customers to re-enter the store. Plaintiff went back to her shopping cart.

10. After she resumed her shopping, Mrs. Carroll stepped in an unknown substance while walking in an aisle. She fell and struggled to get back up, suffering serious injuries for which she received medical treatment and incurred costs and damages in amounts to be proven at trial.

11. Mrs. Carroll suffered physical injuries, physical and mental pain and suffering, mental distress, loss of quality of life, and other injuries, some of which are not yet fully known. Her husband, George Carroll, Jr., suffered loss of consortium as a direct result of the injuries to Plaintiff.

## COUNT I: NEGLIGENCE
(PREMISES LIABILITY; RESPONDEAT SUPERIOR; VICARIOUS LIABILITY)

12. The Plaintiff realleges the contents contained in the preceding paragraphs as if fully restated in this paragraph.

13. As defined by law, the Plaintiff was a business invitee of the Defendants at the time of the

subject incident.

14. The Defendants, and each of them, owed the Plaintiff the general duty to exercise reasonable care to keep the premises in a reasonably safe condition.

15. Because the Defendants knew or should have known of a dangerous condition not readily apparent to the Plaintiff, then the Defendants were under a duty to alleviate the condition or to warn the Plaintiff of that condition.

16. Breach of that duty constitutes negligence under the doctrine of premises liability.

17. Defendants owed the following specific duties to the Plaintiff:

    a. to exercise ordinary care and caution in the ownership, management, maintenance, and control of the aforementioned premises;

    b. to provide a safe and secure premises, and to guard against injury to business customers invited to come on the premises but who lacked knowledge of dangerous conditions located therein;

    c. to warn Plaintiff of the dangers to her person present on the premises, or to alleviate said dangers before Plaintiff was harmed.

18. Defendants breached all of these duties owed to the Plaintiff.

19. Defendants' breach of these duties amounted to negligence in each of the following instances:

    a. Defendants failed to exercise reasonable care, ordinary care, and caution in the ownership, management, maintenance, and control of the aforementioned premises;

    b. Defendants specifically failed to clean up the substance which was located in an

Page 3 of 6

  aisle being used by the Plaintiff, or to mark the dangerous condition so that customers, including the Plaintiff, would know the condition existed;

 c. Defendants, and each of them, failed to properly supervise their contractors, employees or agents. These failures directly and proximately caused a dangerous condition to be created on the premises, and caused the injuries to the Plaintiff;

 d. Defendants created or failed to alleviate a dangerous, hostile and unsafe environment on their premises;

 e. Defendants were negligent in their failure to warn Plaintiff of the dangers to her person present on the premises.

20. The breach of duties constituted negligence by the Defendants, and each of them.

21. All negligent acts alleged herein, whether committed by an owner, manager, supervisor, employee or agent, are imputed to Wal-Mart Stores, Inc., under the doctrines of respondeat superior and/or vicarious liability.

22. All negligent acts alleged herein also are the separate acts of Defendants John Does 1-10, individually.

23. As a direct and proximate result of the careless and negligent acts of Defendants, the Plaintiff was caused to receive both physical and mental injuries, including but not limited to past and current medical expenses, future medical expenses, physical and mental pain and suffering, loss of enjoyment of life, lost wages, and all other damages allowed by law.

24. For these injuries, the Plaintiff demands to be compensated in amounts to be proven at trial.

## COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. The Plaintiff realleges the contents contained in the preceding paragraphs as if fully restated in this paragraph.

26. Defendants owed duties to refrain from conduct which would cause the Plaintiff to experience emotional distress.

27. Defendants breached these duties.

28. As a direct, proximate and foreseeable result of Defendants' violation of these duties, Plaintiff suffered physical injuries and damages, the extent of which will be proven at trial.

## COUNT III: LOSS OF CONSORTIUM

25. Plaintiffs reallege the contents contained in the foregoing paragraphs as if fully restated in this paragraph.

26. At all relevant and material times, George Carroll, Jr. was and is married and is the husband of the Plaintiff, Stacy Carroll.

27. As a direct and proximate result of the aforementioned injuries to Stacy Carroll, Plaintiff, George Carroll, was caused to suffer damages of personal and pecuniary nature, including but not limited to mental and emotional distress, loss of society, companionship, love, affection, aid, services, support, and the comfort of his spouse, Stacy Carroll, and all other duties and rights growing out of the marriage covenant. Interference with these marital rights and duties forms the cause of action known as loss of consortium, which is derivative from the injured spouse's negligence claim.

28. Plaintiff also seeks recovery for the value of nursing services and care provided by George Carroll, Jr. and other family members to Stacy Carroll.

29. The amounts of these damages will be proven at trial.

WHEREFORE, your Plaintiff prays:

a) For a jury trial, after which the Court should enter a judgment finding the Defendants, and each of them, liable to the Plaintiff for negligence and negligent infliction of emotional distress;

b) For judgment against Defendants in a sum or sums which will fairly compensate Plaintiffs for the injuries sustained, together with pre-judgment and post-judgment interest, and costs of Court; and

c) For such other and further relief as the Court may deem appropriate.

Respectfully submitted;

STACY CARROLL, PLAINTIFF

By: _____
R. Hayes Johnson, Jr. (MSB #10697)

ATTORNEYS FOR PLAINTIFFS:
**JOHNSON LAW PRACTICE PLLC**
R. Hayes Johnson, Esq. (MSB #10697)
1902 21st Avenue
Gulfport, MS 39501
Telephone: (228) 868-5499
Facsimile: (888) 647-3665
rhayesj@gmail.com

Page 6 of 6